**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 4:26-cr-00015-ALM-BD-9** |
| | § | |
| **JAMES MICHAEL RUSHEON** | § | |

## MEMORANDUM OPINION AND ORDER

Defendant James Michael Rusheon moved to reopen the question of his pretrial detention and requests release on conditions. Dkt. 108; *see* Dkt. 110 (response). The motion will be denied.

## BACKGROUND

Rusheon was arrested on an indictment alleging violation of 21 U.S.C. § 846 (conspiracy to possess with the intent to distribute and distribution of methamphetamine). Dkt. 29 at 1. The government moved to detain him at his initial appearance. *See* Minute Entry for June 29, 2026. He waived his right to a detention hearing and "agree[d] to be held in custody pending disposition of this matter." Dkt. 101; *see* Dkt. 102 (detention order).

Rusheon now seeks to reopen the question of his pretrial detention, asserting that he is presumed innocent and that "[t]he government cannot meet its burden to show that no condition or combination of conditions will reasonably assure his appearance or the safety of the community." Dkt. 108 at 1. The motion cites 18 U.S.C. § 3142 but neither mentions the legal standard that applies to requests to reopen the question of pretrial detention under that provision nor describes or attaches any evidence in support of Rusheon's request. It the main, it just lists several considerations that might have favored a conclusion that Rusheon could have been appropriately released on conditions, rather than detained, on the day of his initial appearance. *Id.* at 2–3. It also asserts that, at an unspecified time "[i]n the last year, it was disc[ov]ered that Mr. Rusheon has a tumor in his mouth. Since he has been in Federal custody he has had a CT scan and a biopsy. He has been advised that he has mouth cancer that will require surgery and radiation. Mr. Rusheon cannot receive appropriate medical treatment while in federal custody." *Id.* at 3.

The government filed a response in opposition to the motion, discussing the applicable legal standard and arguing that Rusheon had not satisfied it. Dkt. 119. The response notes, among other things, that, "[a]t the time of his federal indictment, Rusheon was in the custody of the state of Texas for Escape While under Arrest or in Confinement"; that, "[i]f this Court were to release Rusheon, he would be returned to Texas state custody"; and that "Rusheon's medical condition is being treated. Rusheon is in the custody of the United States Marshal (USM). The USM reports that Rusheon has received medical treatment and has been hospitalized at a medical center in Dallas, Texas. He was most recently admitted on October 21, 2026 and remains hospitalized." *Id.* at 1, (boldface removed), 4. The response also asserts that

> [t]here is nothing in Rusheon's motion or in the record to suggest he cannot receive proper medical treatment while being detained pending trial. The USM has successfully handled many medical issues related to pretrial detainees. If a detainee's medical issues are not addressed, the concerns may be raised with this Court, and appropriate orders may be issued directing that action be taken. Rusheon has not claimed he is not being properly medically treated while in custody. This is not a material issue bearing on Rusheon's detention.

*Id.* at 4–5.

The response then discusses the factors that, in the government's view, make continued detention appropriate. *Id.* at 8–12. It notes, for instance, that the offense at issue gives rise to a rebuttable presumption of detention; that, at the time of Rusheon's arrest, a person was overdosing in his house; that "Rusheon (35 years of age) was sleeping in the same bed with a 15 year-old female" who had "significant evidence of drug use"; and that Rusheon attempted to escape from state custody after claiming to need medical attention. *Id.* at 8–10. Rusheon did not file a reply.

## APPLICABLE LAW AND ANALYSIS

The court may reopen the question of pretrial detention if it "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on "whether there are conditions of release that will reasonably assure the appearance of such person

as required and the safety of any other person and the community." 18 U.S.C. § 3142(f) (final paragraph). If the movant's evidence is not newly discovered, was not previously unavailable, or is not material, the court should deny the motion to reopen the question of detention. *See United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("*Stanford I*"); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Neither obtaining new counsel nor thinking of a better argument against detention qualifies as "new information within the meaning of § 3142(f)." *United States v. Cisneros-Monje*, No. 1:20-cr-00159-JLT-SKO, 2022 WL 2757400, at *1 n.1 (E.D. Cal. July 14, 2022). "Courts interpreting . . . § 3142(f) require 'truly changed circumstances, something unexpected, or a significant event,' and [they] have interpreted the requirements of the provision strictly," such that a "defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *United States v. Jacob*, No. 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023) (citations omitted). Section "3142(f)'s 'not known to the movant at the time of the hearing' language [means] not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have." *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020) (quotation marks omitted). The existence of friends or family members willing to testify in support of a defendant's release does not constitute new information within the meaning of the statute, *see, e.g.*, *United States v. Stanford*, 367 F. App'x 507, 510–11 (5th Cir. 2010) ("*Stanford II*"); *Stanford I*, 341 F. App'x at 984; *United States v. Bennett*, No. 94–6590, 1995 WL 25412, at *1 (6th Cir. 1995); *United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *Hare*, 873 F.2d at 799, and a party cannot be "less than diligent in bringing forth all material evidence the first time a [detention] hearing is held," *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994). "[C]onclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable." *United States v. Morris*, 452 F. Supp. 3d 484, 487 (N.D. Tex. 2020) (Ramirez, J.).

As to whether evidence has "material bearing," 18 U.S.C. § 3142(f), the new evidence "must relate in some significant or essential way to the decision whether to detain." *United States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (emphasis removed) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)). "[T]he purpose of [18 U.S.C. § 3142(f)] . . . is to allow parties to present unknown information that increases the chances the defendant appears for [his or her] criminal hearing[] or decrease[s] the danger the defendant poses to an individual or the community as a whole." *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015). For that reason, a successful motion to reopen the question of detention must show that the new or previously unknown evidence on which the motion is based establishes that the movant is "less likely to be a flight risk or a danger to any person or the community." *United States v. James*, No. 23-50044, 2023 WL 3300973, at *1 (5th Cir. May 8, 2023).

Here, the government has correctly stated the applicable legal standard, explained why Rusheon's motion fails to satisfy that standard, and made several unrebutted assertions that disfavor reopening the question of Rusheon's pretrial detention. Dkt. 110. Rusheon's motion fails under the authorities cited in this order for the reasons identified in the government's response.

## CONCLUSION

It is **ORDERED** that Rusheon's motion to reopen the question of pretrial detention, Dkt. 108, is **DENIED**.

So **ORDERED** and **SIGNED** this 2nd day of November, 2026.

Bill Davis
United States Magistrate Judge